MICHAEL P. RYAN v. DE WITT C. RUFF and Another.[1]

July 3, 1903.

Nos. 13,552—(193).

**Assignment by Partner—Redemption by Purchaser.**

A deed of assignment was executed by one of the members of a co-partnership, wherein he granted, sold, and conveyed to his assignee all lands, assets, hereditaments, property, and effects belonging to him. *Held*:

1. The deed of assignment conveyed all the interest of such copartner in real estate belonging to the copartnership, title to which was held in their individual names.

2. A subsequent judgment creditor of such copartner, purchasing such premises at execution sale, and who, in good faith, relying upon the validity of his title, redeemed the premises from certain prior tax sales which were liens upon the property as against the assignee, is entitled to be reimbursed for the amount so paid, as a condition for the entering of judgment in an action brought to determine the validity of his title.

Action in the district court for Ramsey county to determine the adverse claim of defendants, De Witt C. Ruff and Lizzie C. Ruff, his wife, to certain vacant and unoccupied land. The case was tried before Bunn, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendants appealed. Reversed, and remanded with instructions.

*S. C. Olmstead,* for appellants.

*Durment & Moore,* for respondent.

LEWIS, J.

In July, 1896, William Cunningham and Charles L. Haas were co-partners under the name of Cunningham & Haas, and as such co-partners owned certain real estate in the city of St. Paul, which had been deeded to the copartners in their individual names, so that, as ap-

[1] Reported in 95 N. W. 1114.

peared from the record, each member owned individually an undivided one-half interest. On July 29, Haas, being insolvent, executed a deed of assignment, wherein he granted, sold, and conveyed to his assignee all lands, assets, hereditaments, property, and effects belonging to him, which trust was accepted by the assignee, and a deed of assignment duly recorded on July 31, 1896. On October 8, 1897, the assignee, for a valuable consideration, sold, bargained, and by proper deed conveyed the undivided one-half interest of the insolvent to the plaintiff in this action. After the execution and recording of the assignment, to wit, August 3, 1896, defendant De Witt C. Ruff obtained judgment against Charles L. Haas for the sum of $322.37, which on August 4, 1896, was docketed in the district court, out of which execution was issued upon such judgment, and the property in question was levied upon and sold to defendant Ruff on November 18, 1901: The certificate of sale was recorded in the office of the register of deeds, but the deed executed by the assignee, conveying the property to plaintiff, was never recorded. There was not property sufficient in the insolvent estate to pay the debts and obligations of the insolvent, and no property revested in the assignor. Defendant Ruff filed his claim, upon which judgment was afterwards entered, with the assignee, and had knowledge of the insolvency proceedings.

It appears from the record that the property was not scheduled by the assignor as part of the assets of the estate, and that the assignee was discharged in 1898; that in February, 1902, under the provisions of Laws 1897, p. 356 (c. 193), defendant Ruff redeemed the undivided one-half interest from certain tax and assessment sales, and, for the purpose of such redemption, paid the sum of $300.53; that the tax certificates thus redeemed were held for the benefit of plaintiff, who desired to hold the same for the purpose of perfecting his title by reason thereof.

The simple question is, was the interest of the assignor in the property conveyed to his assignee by the deed of assignment, so that, when the subsequent judgment was docketed, there was nothing to which the lien could attach? As between the assignor and his assignee, it does not make any difference whether the property was in fact owned by Haas individually, or whether he held it in trust for the partnership. All the right, title, and interest which Haas had in it individually passed

by the deed of assignment. It was of no consequence that the property so conveyed was subject to the partnership debts, and that the assignee might be called upon to render an account to the partnership creditors, if, with notice of their rights, he had sold and conveyed the same. It is immaterial that the assignor failed to schedule the property. The assignee having assumed jurisdiction over it, and having legally conveyed it, defendant, as a subsequent judgment creditor, could acquire no interest whatever in it by virtue of the sale under execution.

It was alleged in the answer, by way of counterclaim, that defendant De Witt C. Ruff had a right to rely upon the record, and upon the conduct of plaintiff with reference to the property, and to assume that it had not been claimed, or, if so, that it had been abandoned by plaintiff, and that defendant, believing he had a valid judgment lien, was justified in redeeming from the tax sales, and that the amount so paid for redemption should be considered as an equitable lien upon the premises, and, before plaintiff should be accorded the relief prayed for, he should be required to reimburse defendant for the amount paid.

It is evident that defendant is in no position to demand this relief from the conduct of plaintiff or the assignee. He was not misled by the fact that plaintiff's deed was not put on record, for he knew the premises had been sold by the assignee; but, if not, inquiry would have ascertained that fact, for he knew of the assignment. Besides, it is found by the court that the tax certificates were taken by plaintiff for the purpose of perfecting his title, and that defendant was unable to acquire the same.

However, this consideration aside, it is evident that, although wrongly advised as to the nature of his title, defendant proceeded in good faith, believing he had valid title, and for such reason paid the money necessary to redeem from the tax sales. It is evident that he would not have advanced money for such purpose if he had not been so advised, and did not believe he had acquired title. The money paid to redeem from the tax sales inured to the benefit of the property, and, if that amount had not been paid in such manner, plaintiff would have been obliged to pay substantially the same sum in order to protect the property. Under these circumstances, defendant was not an intermeddler, in the sense of making the payment voluntarily, and the relief prayed for in the complaint should have been granted only upon the

condition that plaintiff reimburse defendant for the amount of taxes paid, with interest.

Judgment reversed and cause remanded, with directions to proceed in accordance with the views herein expressed.